STATE OF MAINE                                       SUPERIOR COURT
YORK, ss                                             CIVIL ACTION
                                                     DOCKET NO. 09-CV-

PATCO CONSTRUCTION COMPANY, INC.,        )
                                         )
        Plaintiff,                       )          COMPLAINT AND DEMAND
                v.                       )          FOR JURY TRIAL
                                         )
PEOPLE'S UNITED BANK d/b/a OCEAN         )
BANK                                     )
                                         )
        Defendant.

        Plaintiff Patco Construction Company, Inc., ("Patco"), by its undersigned counsel, states

the following as its Complaint against Defendant People's United Bank, d/b/a Ocean Bank

("Ocean Bank"):

## PRELIMINARY STATEMENT

        This action arises out of Ocean Bank's failure to fulfill one of its most basic obligations,

namely, to protect its customers' funds against theft.  From May 8, 2009 through May 15, 2009,

cybercriminals accessed Patco's accounts at Ocean Bank and transferred hundreds of thousands

of dollars to numerous bank accounts via the Automated Clearing House ("ACH") network, the

system used by banks to transfer funds electronically between accounts.   Although Ocean Bank

tells customers that its online banking system employs sophisticated "behind-the scenes" security

measures that monitor the type, frequency and origination point of electronic transactions, the

specific security measures on Patco's account were structured by Ocean Bank in such a way as to

leave the account particularly vulnerable to attacks of this sort.  Furthermore, Ocean Bank failed

to see that the transfers in this case obviously were suspicious in that:  (1) They were far larger

than any transfers Patco ever had made in the history of its account relationship with Ocean

Bank, which went back many years; (2) the transfers were directed to the accounts of numerous

1

individuals to whom Patco never before had transferred funds; and (3) the transfers originated from an internet protocol ("IP") address that Patco never before had used to conduct its online banking.  Ocean Bank either never suspected or turned a blind eye to the possibility that these transactions might be fraudulent.  It did not even go to the trouble of inquiring with Patco about whether they might be potentially questionable.  To make matters worse, Ocean Bank not only allowed the perpetrators to empty Patco's business checking account, it also allowed them to draw on a Line of Credit held by Patco with Ocean Bank, to the tune of over $200,000 in additional stolen funds.  Adding insult to injury, Ocean Bank now expects Patco to repay this money with interest.  This is typical of the "circle the wagons" posture Ocean Bank has adopted in response to this situation, which has left Patco without any option but to bring this action.

## THE PARTIES

1.      Plaintiff Patco is a Maine Corporation with a place of business in Sanford, Maine.

2.      Ocean Bank is a Delaware corporation with business locations in a number of places in Southern Maine, including Kennebunk, Kennebunkport, Wells, South Berwick, York and Kittery.

3.      Venue is proper in this Court pursuant to 14 M.R.S.A. § 505 insofar as Patco has an established place of business in York County, as aforementioned.

## THE FACTS

4.      Patco has been in business since 1985.  It is a family-owned second generation commercial, industrial, and residential developer and contractor located in Sanford, Maine.

5.      Patco has banked with Ocean Bank since its early startup years.

6.      In or around September of 2003, Patco added eBanking for Business to its Ocean Bank commercial checking account (hereinafter, the "account" or "Patco's account").

2

7.     In November of 2003 Patco started using ACH internet credit transfers to pay its employees via direct deposit.

8.     As Ocean Bank was aware, Patco's only ACH credit transfers were its weekly payroll withdrawals, which were always paid on Fridays.

9.     A limited number of Patco employees were authorized to access the account. In order to gain access, they had to log in with a company ID and password, and each individual user also had his or her own ID and password.

10.     For any transfer over approximately $1,000, the employee initiating the transfer was also required to answer two "challenge" questions. This $1,000 threshold was set by Ocean Bank.

11.     Because almost every transfer Patco made exceeded the $1,000 threshold, Patco employees had to answer the challenge questions practically every time they initiated a direct deposit payroll via ACH transfer.

12.     As a practical matter, because the low threshold meant the challenge questions were used so often, the questions provided little to no additional security and were effectively no more than extensions of the employees' passwords.

13.     Conventional wisdom in the banking community today is that passwords alone are not adequate security for internet fund transfers as they are vulnerable to keyloggers and poor storage.

14.     The common safe practice among banks is to supplement the password with a manual factor such as a token or a telephone/telefax confirmation.

15.     Ocean Bank did not offer Patco any form of token-based authentication, nor did it offer any fax or callback authentication that would provide multi-factor authentication.

3

16.     Ocean Bank had, but did not offer to Patco, both the ability to block transfer requests from unauthorized IP addresses and the ability to send to Patco email alerts regarding suspicious account activity.

17.     Throughout the relevant timeframe, the bank represented that it continuously monitored and maintained unique profiling for unusual or uncharacteristic behavior in customer accounts.

18.     However, this profiling system merely triggered the asking of the aforementioned "challenge" questions, which were already triggered practically every time Patco made transfers in its account as a result of the $1,000 transfer threshold.

19.     Thus, due to the manner in which Ocean Bank instituted the profiling system on Patco's account, the profiling system offered practically no additional protection to Patco.

20.     Patco's account had a $750,000 limit per day for ACH transfers.

21.     Patco's largest payroll in the history of its use of the eBanking system was $36,634.74; thus, the daily ACH transfer limit vastly exceeded Patco's needs and exposed it unnecessarily to the possibility of large fraudulent transfers.

22.     Patco's account was also tied into a Line of Credit Patco held with Ocean Bank, so that if there were insufficient funds in the account, the bank would automatically draw on the line of credit without any prior notice to or approval from Patco.

23.     Upon information and belief, Ocean Bank's ACH activities are batched and submitted for payment twice per day, but they are not manually reviewed by Ocean Bank.

The Infiltration of Patco's Account at Ocean Bank

24.     On Thursday May 7, 2009, unknown third parties used the user ID and password of one of Patco's authorized employees to log into Patco's checking account to initiate an ACH transfer from an IP address that Patco never before had used.

25.     These perpetrators successfully answered the two challenge questions for the employee and initiated a $56,594 withdrawal, which directed payments to numerous accounts of individuals to whom Patco never before had wired funds.

26.     This transaction did not trigger any suspicious activity alert and was batched with other requests and paid by the bank on May 8, 2009, notwithstanding that the transfer: (1) Was the largest ACH credit transfer ever from the account; (2) originated from an IP address that Patco had never used; and (3) sent funds to numerous individual accounts to which Patco never before had transferred funds.

27.     Ocean Bank sent the funds to numerous domestic accounts per the perpetrators' instructions, from which the funds were quickly disbursed or withdrawn.

28.     Part of the transfer was returned because two of the account numbers to which the perpetrators tried to transfer money were invalid.

29.     When those transfers did not go through, the bank sent Patco a routine return notice via US Mail but did not review the transaction or identify it as suspicious or fraudulent.

30.     Ocean Bank made no attempt to notify Patco of the return by way of any faster form of communication, whether by telephone, fax, or email.

31.     On Monday, May 11, 2009, unknown third parties similarly completed a second ACH credit transfer from Patco's account to multiple domestic accounts, in the total amount of $115,620.

32.     As with the previous transfer, this transfer directed payments to numerous accounts of individuals to whom Patco never before had wired funds.  Also, this transfer occurred on a day of the week on which Patco did not typically make ACH withdrawals.

33.     Part of this transfer was returned because it was sent to invalid accounts; this caused the bank to send a second routine return notice to Patco via US Mail.

34.     This transaction again did not trigger any suspicious activity alert on the part of Ocean Bank, other than the return notice mailed to Patco.

35.     On May 12, 13, and 14, 2009, the unknown third parties made similar respective withdrawals of $99,068, $91,959, and $113,647.  Also, these transfers occurred on days of the week on which Patco did not typically make ACH withdrawals.

36.     As with the previous transfers, these transfers directed payments to numerous accounts of individuals to whom Patco never before had wired funds.

37.     None of these transactions triggered any suspicious activity alerts on the part of Ocean Bank.

38.     Upon information and belief, Ocean Bank customers such as Patco typically would access their accounts and order a transfer one day, and the bank would batch the order with all of the ACH transfers of its other customers for that period, then complete the transfers to the third parties in two batches per day.

39.     On the evening of May 13, 2009, one of the owners of Patco, Mark Patterson, received in his mail at home the bank's notice of the rejected ACH transfers that had occurred on May 8, 2009.

40.     Even though the fraudulent withdrawals had been going on for almost a week, this was the first notice Patco received of any unusual activity in its account.

41.     On the morning of May 14, 2009, Patco notified the bank that it had not ordered the ACH transfers and stated that the return must be a result of fraudulent activity on the account.

42.     Also that morning, the unknown third parties had initiated a sixth withdrawal of $111,963 on May 14, 2009, and despite Patco's 11:45 a.m. notice of fraudulent activity, the bank did not check the outgoing ACH batches already initiated until it was too late, and the additional $111,963 was transferred out the following day, May 15, 2009.

43.     Some but not all of that $111,963 has been recovered by Ocean Bank.

44.     The aforementioned fraudulent credits from Patco's account totaled approximately $588,851.

45.     Because Patco's available funds in its account were less than the total of the fraudulent withdrawals, the bank drew $223,237.83 on Patco's line of credit to cover the fraudulent withdrawals without notifying Patco in advance.

46.     Over Patco's protest, Ocean Bank has been charging and collecting interest on that amount even before completing its investigation.

47.     Patco has been paying the interest under fear of being declared in default on its loans.

48.     Ocean has recovered or blocked $243,406.83 of the transfers, leaving Patco's total loss at $345,444.33, plus the interest it has paid to date.

## COUNT I
(LIABILITY PURSUANT TO 11 M.R.S.A. §§ 4-1201, ET. SEQ.)

49.     Patco repeats and realleges all of its previous allegations as if set forth fully herein.

50.     As described above, on the following dates Ocean Bank received fraudulent electronic payment orders from the perpetrators who infiltrated Patco's checking account:  May 8, 11, 12, 13, 14 and 15, 2009.

51.     These payment orders were not authorized by Patco, nor was Patco bound by these orders pursuant to the law of agency.

52.     These payment orders were not effective as the orders of Patco pursuant to 11 M.R.S.A. § 4-1202.

53.     Patco and Ocean Bank did not enter into an agreement that the authenticity of payment orders issued to the bank in the name of Patco would be verified pursuant to a security procedure.

54.     To the extent Patco and Ocean Bank did enter into an agreement that the authenticity of payment orders issued to the bank in the name of Patco would be verified pursuant to a security procedure, the steps taken by Ocean Bank to verify the authenticity of the fraudulent payment orders issued on May 8, 11, 12, 13, 14 and 15, 2009 were outside the scope of and were not part of any such agreed-upon security procedure.

55.     To the extent Patco and Ocean Bank did enter into an agreement that the authenticity of payment orders issued to the bank in the name of Patco would be verified pursuant to a security procedure, such security procedure was not a commercially reasonable method of providing security against unauthorized payment orders for at least the following reasons:

   a.   Ocean Bank did not offer multi-factor authentication to Patco;

   b.   Ocean Bank established an unreasonably low trigger for challenge question authentication;

8

c.  Ocean Bank did not offer to Patco an IP block that would block orders originating from unapproved IP addresses;

d.  Ocean Bank did not detect and prevent the fraudulent transfers even though they: (1) Were the largest ACH credit transfers ever from the account; (2) originated from an IP address that Patco had never used; (3) sent funds to numerous individual accounts to which Patco never before had transferred funds; and (4) occurred on days on which Patco did not typically make ACH withdrawals;

e.  Ocean Bank set Patco's ACH transfer limit too high for its needs;

f.  Ocean Bank linked Patco's Line of Credit to its checking account, permitting unauthorized and inadvertent draws on the line;

g.  Ocean Bank failed to offer a dual control option under which two people must log in to complete a transaction;

h.  Ocean Bank failed to offer to send emails to Patco alerting it to unusual transactions; and

i.  Ocean Bank failed to review manually batches of ACH payment orders before submitting them for payment;

56.  To the extent Patco and Ocean Bank did enter into an agreement that the authenticity of payment orders issued to the bank in the name of Patco would be verified pursuant to a security procedure, Ocean Bank did not accept the payment orders issued on May 8, 11, 12, 13, 14 and 15, 2009 in good faith and in compliance with that security procedure.

57.  The fraudulent payment orders issued on May 8, 11, 12, 13, 14 and 15, 2009 were not caused directly or indirectly by a person entrusted at any time with duties to act for Patco with respect to payment orders or any security procedure that Ocean Bank had in place.

58.     The fraudulent payment orders issued on May 8, 11, 12, 13, 14 and 15, 2009 were not caused directly or indirectly by a person who obtained access to the transmitting facilities of Patco.

59.     Upon information and belief, the fraudulent payment orders issued on May 8, 11, 12, 13, 14 and 15, 2009 were not caused directly or indirectly by a person who obtained from a source controlled by Patco and without the authority of Ocean Bank information facilitating the breach of any security procedure that Ocean Bank had in place.

WHEREFORE, Plaintiff Patco Construction Company, Inc. respectfully requests that the Court enter a Judgment against Defendant People's United Bank, d/b/a Ocean Bank, for a full refund to Patco of the net outstanding balance of the fraudulent payment orders issued on May 8, 11, 12, 13, 14 and 15, 2009, plus interest, pursuant to 11 M.R.S.A. § 4-1204, together with costs, attorney's fees, and such other and further relief as the Court deems just and appropriate.

## COUNT II
## (NEGLIGENCE)

60.     Patco repeats and realleges all of its previous allegations as if set forth fully herein.

61.     Ocean Bank had a duty to employ proper security procedures to ensure that parties other than Patco would not be able to effect transfers of funds from Patco's accounts by fraudulent means.

62.     Ocean Bank breached this duty by failing to employ proper security procedures to prevent the fraudulent transfer of Patco's funds as described above.

63.     Ocean Bank's breach of duty has caused significant economic harm to Patco as described above.

64.    Ocean Bank's breach of duty was undertaken with malice, or is so outrageous that malice can be implied from its actions.

WHEREFORE, Plaintiff Patco Construction Company, Inc. respectfully requests that the Court enter a Judgment against Defendant People's United Bank, d/b/a Ocean Bank, for damages in an amount to be determined at trial, together with punitive damages, interest, costs, attorney's fees, and such other and further relief as the Court deems just and appropriate.

COUNT III
(BREACH OF CONTRACT)

65.    Patco repeats and realleges all of its previous allegations as if set forth fully herein.

66.    By accepting Patco's deposits and the fees paid by Patco for banking services, Ocean Bank entered into an implied contract with Patco whereby Ocean Bank agreed that it would safeguard Patco's deposits against fraudulent transfers.

67.    By failing to employ proper security procedures to prevent the fraudulent transfer of Patco's funds as described above, Ocean Bank breached the aforementioned implied contract.

68.    As a direct and proximate result of the breach of contract by Ocean Bank, Patco has suffered and will continue to suffer significant financial damages.

WHEREFORE, Plaintiff Patco Construction Company, Inc. respectfully requests that the Court enter a Judgment against Defendant People's United Bank, d/b/a Ocean Bank, for damages in an amount to be determined at trial, together with interest, costs, attorney's fees, and such other and further relief as the Court deems just and appropriate.

COUNT IV
(BREACH OF FIDUCIARY DUTY)

69.     Patco repeats and realleges all of its previous allegations as if set forth fully herein.

70.     As Patco's bank, Ocean Bank owed fiduciary duties to Patco that included, without limitation, the duties to safeguard Patco's funds and employ proper security procedures to ensure that parties other than Patco would not be able to effect transfers of funds from Patco's accounts by fraudulent means.

71.     By failing to safeguard Patco's funds and employ proper security procedures to prevent the fraudulent transfer of Patco's funds as described above, Ocean Bank breached its fiduciary duties to Patco.

72.     Ocean Bank's breach of fiduciary duties has caused significant economic harm to Patco as described above.

73.     Ocean Bank's breach of fiduciary duties was undertaken with malice, or is so outrageous that malice can be implied from its actions.

WHEREFORE, Plaintiff Patco Construction Company, Inc. respectfully requests that the Court enter a Judgment against Defendant People's United Bank, d/b/a Ocean Bank, for damages in an amount to be determined at trial, together with punitive damages, interest, costs, attorney's fees, and such other and further relief as the Court deems just and appropriate.

## COUNT V
### (UNJUST ENRICHMENT)

74.     Patco repeats and realleges all of its previous allegations as if set forth fully herein.

75.     As described above, Ocean Bank improperly drew $223,237.83 on Patco's line of credit to cover the fraudulent withdrawals.

76.     Over Patco's protest, Ocean Bank has been charging and collecting interest on that amount, and Patco has been paying the interest under fear of being declared in default on its loans.

77.     For all of the reasons described previously in this complaint, it would be unjust and inequitable to permit Ocean Bank to retain the benefits of the aforementioned interest payments it has obtained wrongfully from Patco.

WHEREFORE, Plaintiff Patco Construction Company, Inc. respectfully requests that the Court enter a Judgment against Defendant People's United Bank, d/b/a Ocean Bank, for restitution and damages in an amount to be determined at trial, together with interest, costs, attorney's fees, and such other and further relief as the Court deems just and appropriate.

## COUNT VI
### (CONVERSION)

78.     Patco repeats and realleges all of its previous allegations as if set forth fully herein.

79.     As described above, Ocean Bank has been charging and collecting interest on the funds it drew improperly against Patco's line of credit.

80.     By its improper collection and retention of these interest payments, Ocean Bank has converted and will continue to convert funds belonging to Patco.

81.     Patco has suffered damages as a direct result of Ocean Bank's conversion of these funds.

82.     Ocean Bank's improper collection and retention of these payments has been undertaken with malice, or is so outrageous that malice can be implied from Ocean Bank's actions.

WHEREFORE, Plaintiff Patco Construction Company, Inc. respectfully requests that the Court enter a Judgment against Defendant People's United Bank, d/b/a Ocean Bank, for damages in an amount to be determined at trial, together with punitive damages, interest, costs, attorney's fees, and such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 18th day of September, 2009.

Daniel J. Mitchell, Me. Bar No. 8322
Eben M. Albert-Knopp, Bar No. 4311

Attorneys for Plaintiff Patco Construction
Company, Inc.

BERNSTEIN SHUR
100 Middle Street
P.O. Box 9729
Portland, ME  04104-5029
(207) 774-1200