IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

PATCO CONSTRUCTION COMPANY,
INC.,

                  Plaintiff,

v.

PEOPLE'S UNITED BANK d/b/a OCEAN
BANK,

                  Defendant.

Civil Action No. 2:09-CV-00503-DBH

**DEFENDANT'S ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS**

**ANSWER AND COUNTERCLAIMS OF DEFENDANT
PEOPLE'S UNITED BANK D/B/A OCEAN BANK**

      Defendant People's United Bank d/b/a Ocean Bank ("Ocean Bank" or "Defendant"), by

and through its undersigned counsel, responds to and answers the First Amended Complaint

("Amended Complaint") brought by plaintiff Patco Construction Company, Inc. ("Patco" or

"Plaintiff").  Except as expressly admitted herein, all allegations in the Amended Complaint are

denied, and Ocean Bank answers the allegations of the Amended Complaint as follows:

<u>**"THE PARTIES"**</u>

      1.      Ocean Bank lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 1, and therefore denies them.

      2.      Ocean Bank denies the allegations in Paragraph 2; except admits that Ocean Bank

has business locations in a number of places in Southern Maine, including Kennebunk,

Kennebunkport, Wells, South Berwick, York and Kittery.

      3.      Ocean Bank lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 3, and therefore denies them.

## "THE FACTS"

4.      Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies them.

5.      Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies them.

6.      Ocean Bank denies the allegations in Paragraph 6.

7.      Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies them.

8.      Ocean Bank denies the allegations in Paragraph 8.

9.      Ocean Bank admits that a limited number of Plaintiff's employees were authorized to access Patco's commercial checking account ("Account"); and that in order to gain access, Plaintiff's employees had to log in with a company ID and password, and each individual user also had his or her own ID and password.

10.     Ocean Bank admits the allegations in Paragraph 10.

11.     Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.

12.     Ocean Bank denies the allegations in Paragraph 12.

13.     Ocean Bank denies the allegations in Paragraph 13.

14.     Ocean Bank denies the allegations in Paragraph 14.

15.     Ocean Bank denies the allegations in Paragraph 15.

16.     Ocean Bank denies the allegations in Paragraph 16.

17.     Ocean Bank denies the allegations in Paragraph 17; except admits that Ocean Bank continuously monitored and maintained unique profiling for unusual or uncharacteristic

behavior in customer accounts.

18.     Ocean Bank denies the allegations in Paragraph 18; except admits that the profiling system triggered the asking of "challenge" questions.

19.     Ocean Bank denies the allegations in Paragraph 19.

20.     Ocean Bank admits that Plaintiff's Account had a $750,000 limit per day for ACH transfers in May 2009.

21.     Ocean Bank denies the allegations in Paragraph 21.

22.     Ocean Bank denies the allegations in Paragraph 22; except admits that if there were insufficient funds in Plaintiff's Account, Ocean Bank would draw on the line of credit.

23.     Ocean Bank denies the allegations in Paragraph 23; except admits that Ocean Bank's ACH activities are batched and submitted for payment.

### **"The Infiltration of Patco's Account at Ocean Bank"**

24.     Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25.     Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them; except admits that a $56,594 withdrawal was initiated.

26.     Ocean Bank denies the allegations in Paragraph 26

27.     Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

28.     Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations Paragraph 28, and therefore denies them; except admits that part of the transfer was returned.

29.     Ocean Bank denies the allegations in Paragraph 29; except admits that it sent Plaintiff a return notice via U.S. Mail.

30.     Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies them.

31.     Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them; except admits that an ACH credit transfer from Plaintiff's Account was made in the amount of $115,620 on May 11, 2009.

32.     Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33.     Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies them; except admits that part of the transfer was returned and that Ocean Bank sent Plaintiff a return notice via U.S. mail.

34.     Ocean Bank denies the allegations in Paragraph 34.

35.     Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies them; except admits that ACH transfers from Plaintiff's Account were made in the amounts of $99,068, $91,959, and $113,647 on May 12, 13, and 14, 2009, respectively.

36.     Ocean Bank denies the allegations in Paragraph 36.

37.     Ocean Bank denies the allegations in Paragraph 37.

38.     Ocean Bank denies the allegations in Paragraph 38; except admits that Ocean Bank's ACH activities are batched and submitted for payment.

39.     Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

40.      Ocean Bank denies the allegations in Paragraph 40.

41.      Ocean Bank admits the allegations in Paragraph 41.

42.      Ocean Bank denies the allegations in Paragraph 42.

43.      Ocean Bank denies the allegations in Paragraph 43; except admits that some but not all of $111,963 has been retrieved by Ocean Bank.

44.      Ocean Bank is lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies them.

45.      Ocean Bank denies the allegations in Paragraph 45.

46.      Ocean Bank denies the allegations in Paragraph 46.

47.      Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies them.

48.      Ocean Bank denies the allegations in Paragraph 48; except admits that Ocean Bank has blocked $243,406.83 of the transfers.

### "COUNT I"
### "(LIABILITY PURSUANT TO 11 M.R.S.A. §§ 4-1201, ET SEQ.)"

49.      For its responses to Paragraph 49, Ocean Bank hereby repeats and realleges its responses to the paragraphs referred to in Paragraph 49.

50.      Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies them.

51.      Ocean Bank denies the allegations in Paragraph 51.

52.      Ocean Bank denies the allegations in Paragraph 52.

53.      Ocean Bank denies the allegations in Paragraph 53.

54.      Ocean Bank denies the allegations in Paragraph 54.

55.      Ocean Bank denies the allegations in Paragraph 55.

      a.      Ocean Bank denies the allegations in Paragraph 55a.

      b.      Ocean Bank denies the allegations in Paragraph 55b.

      c.      Ocean Bank denies the allegations in Paragraph 55c.

      d.      Ocean Bank denies the allegations in Paragraph 55d.

      e.      Ocean Bank denies the allegations in Paragraph 55e.

      f.      Ocean Bank denies the allegations in Paragraph 55f.

      g.      Ocean Bank denies the allegations in Paragraph 55g.

      h.      Ocean Bank denies the allegations in Paragraph 55h.

      i.      Ocean Bank denies the allegations in Paragraph 55i.

56.      Ocean Bank denies the allegations in Paragraph 56.

57.      Ocean Bank denies the allegations in Paragraph 57.

58.      Ocean Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies them.

59.      Ocean Bank denies the allegations in Paragraph 59.

### "COUNT II"
### "(NEGLIGENCE)"

60.      For its responses to Paragraph 60, Ocean Bank hereby repeats and realleges its responses to the paragraphs referred to in Paragraph 60.

61.      Ocean Bank denies the allegations in Paragraph 61.

62.      Ocean Bank denies the allegations in Paragraph 62.

63.      Ocean Bank denies the allegations in Paragraph 63.

64.      Ocean Bank denies the allegations in Paragraph 64.

### "COUNT III"
### "(BREACH OF CONTRACT)"

65.     For its responses to Paragraph 65, Ocean Bank hereby repeats and realleges its responses to the paragraphs referred to in Paragraph 65.

66.     Ocean Bank denies the allegations in Paragraph 66.

67.     Ocean Bank denies the allegations in Paragraph 67.

68.     Ocean Bank denies the allegations in Paragraph 68.

## "COUNT IV"
## "(BREACH OF FIDUCIARY DUTY)"

69.     For its responses to Paragraph 69, Ocean Bank hereby repeats and realleges its responses to the paragraphs referred to in Paragraph 69.

70.     Ocean Bank denies the allegations in Paragraph 70.

71.     Ocean Bank denies the allegations in Paragraph 71.

72.     Ocean Bank denies the allegations in Paragraph 72.

73.     Ocean Bank denies the allegations in Paragraph 73.

## "COUNT V"
## "(UNJUST ENRICHMENT)"

74.     For its responses to Paragraph 74, Ocean Bank hereby repeats and realleges its responses to the paragraphs referred to in Paragraph 74.

75.     Ocean Bank denies the allegations in Paragraph 75.

76.     Ocean Bank denies the allegations in Paragraph 76.

77.     Ocean Bank denies the allegations in Paragraph 77.

## "COUNT VI"
## "(CONVERSION)"

78.     For its responses to Paragraph 78, Ocean Bank hereby repeats and realleges its responses to the paragraphs referred to in Paragraph 78.

79.     Ocean Bank denies the allegations in Paragraph 79.

80.     Ocean Bank denies the allegations in Paragraph 80.

81.     Ocean Bank denies the allegations in Paragraph 81.

82.     Ocean Bank denies the allegations in Paragraph 82.

## ADDITIONAL DEFENSES

Ocean Bank sets forth below additional defenses to Plaintiff's claims for relief.  Ocean Bank also hereby gives notice that it intends to rely on such other and further defenses as they become available or apparent during discovery proceedings in this case, and it hereby reserves the right to assert such defenses.

### First Additional Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Additional Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Third Additional Defense

To the extent that Ocean Bank owed a duty to Plaintiff, which Ocean Bank disputes, Plaintiff's claims are barred by its own actions and negligence, which were a superseding or intervening cause to any breach by Ocean Bank.

### Fourth Additional Defense

To the extent that Ocean Bank owed a duty to Plaintiff, which Ocean Bank disputes, Plaintiff's claims are barred, in whole or in part, by Plaintiff's contributory negligence.

### Fifth Additional Defense

To the extent that Ocean Bank owed a duty to Plaintiff, which Ocean Bank disputes, Plaintiff's claims are barred, in whole or in part, by Connecticut law.

### Sixth Additional Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Seventh Additional Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Eighth Additional Defense

To the extent that Plaintiff suffered damages, which Ocean Bank denies, such damages were caused in whole or in part by Plaintiff's own actions.

### Ninth Additional Defense

Plaintiff's claims are barred because it did not make reasonable effort to mitigate its damages, if any.

### Tenth Additional Defense

Plaintiff's claims are barred in whole or in part by the contractual provisions between the parties.

### Eleventh Additional Defense

Plaintiff's claims are barred in whole, or in part, by accord and satisfaction.

### Twelfth Additional Defense

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff may be addressed by an adequate remedy at law.

WHEREFORE, Ocean Bank requests that this Court enter judgment dismissing the claims of Plaintiff and provide Ocean Bank with such other and further relief, including all reasonable costs and attorneys' fees incurred in defense of this action, as the Court deems just and appropriate under the circumstances.

### COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13, Defendant/counterclaim plaintiff Ocean Bank brings this

counterclaim action against Plaintiff/counterclaim defendant Patco for breach of contract.  Under the terms of the Ocean Bank eBanking and Bill Payment Agreement ("Modified eBanking Agreement) and the Ocean National Bank Automated Clearing House Agreement between the parties ("ACH Agreement") (together, the "Agreements"), Patco agreed to, among other things, assume all liability and responsibility to monitor its commercial checking account ("Account") on a daily basis.  *See* Modified eBanking Agreement § XIII.B; ACH Agreement §§ 11 and 12(a).  Patco further agreed that it would indemnify Ocean Bank from any suits arising from its failure to abide by the terms of the Modified eBanking Agreement and the ACH Agreement.  *See* Modified eBanking Agreement § IV.A; ACH Agreement §§ 11 and 12(a).  This action arises out of Patco's failure to fulfill its obligations under the Agreements – to monitor its Account.  Accordingly, Ocean Bank is entitled to reimbursement of its costs and fees in defending the action, among other things.

## PARTIES

1.      Counterclaim plaintiff Ocean Bank is a federally chartered savings bank with its principal place of business located at 850 Main Street, Bridgeport, Connecticut.

2.      Upon information and belief, counterclaim defendant Patco is a Maine corporation with its principal place of business at 1293 Main Street, Sanford, Maine.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 because the matter in controversy is between citizens of different States and the amount in controversy exceeds $75,000 excluding costs.  Jurisdiction for this compulsory counterclaim is also proper pursuant to Fed. R. Civ. P. 13.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as Plaintiff's

10

principal place of business is located in this District.

## FACTUAL ALLEGATIONS

5.      Ocean Bank has existed since 1854.

6.      Since its inception, Ocean Bank has expanded its operations and now has over 30 branches throughout New Hampshire and Maine.

7.      Ocean Bank is a division of People's United Bank, a federally chartered savings bank.

8.      Ocean Bank continues to operate under its own name.

9.      On information and belief, Patco is a developer and contractor and has been in business since 1985.

10.     Patco is a customer of Ocean Bank, having an Account with Ocean Bank.

11.     Ocean Bank offers various internet banking services to its customers.

12.     These services allowed customers to effect transfers through use of Automated Clearing Houses.

13.     These services also allowed customers to access and manage their accounts electronically through use of Ocean Bank's eBanking for Business.

14.     Patco used each of these services, including Automated Clearing House transfers as well as Ocean Bank's eBanking for Business.

### *ACH Agreement*

15.     On or around September 5, 2003, Ocean Bank and Patco entered into the ACH Agreement.  A true and accurate copy of the ACH Agreement is attached as Exhibit A.

16.     Mark Patterson, Treasurer of Patco, signed the ACH Agreement on behalf of Patco.  Mark Patterson's signature appears on Exhibit A.

17.     The ACH Agreement provides that "**Bank shall not be responsible for Customer's acts or omissions** (including without limitation the amount, accuracy, timeliness of transmittal or **due authorization of any Entry received from Customer) or those of any other person**…."  ACH Agreement § 12(a) (emphasis added).

18.     The ACH Agreement further provides that Patco agreed to "indemnify, save and hold Bank harmless, from and against any loss, liability damage or expense (including attorney's fees and expenses) **resulting from or arising out of any claim of any person that Bank is responsible for, any act or omission of Customer, or any other person described in this Section 12(a)**."  *Id.* (emphasis added).

19.     The ACH Agreement was in effect in May 2009.

### *eBanking Agreement*

20.     On or about February 3, 2004, Ocean Bank sent Thomas P. McDowell, Chief Financial Officer of Patco, a letter regarding Ocean Bank's eBanking services.  Letter from Michelle Sweeney, Ocean National Bank, to Thomas McDowell, Patco Construction Company, Inc. (Feb. 3, 2004) ("eBanking Letter").

21.     The eBanking Letter was attached as Exhibit A to Plaintiff Patco Construction Company Inc.'s Opposition to Motion to Dismiss.

22.     A true and accurate copy of the eBanking Letter is attached as Exhibit B.

23.     Enclosed within the eBanking Letter was the eBanking for Business Agreement ("eBanking Agreement").

24.     The eBanking Agreement was attached as Exhibit A to Plaintiff Patco Construction Company Inc.'s Opposition to Motion to Dismiss.

25.     A true and accurate copy of the eBanking Agreement is attached as Exhibit C.

26.     By Declaration of Thomas P. McDowell dated November 23, 2009, Patco has confirmed the authenticity of both the eBanking Letter and eBanking Agreement.

27.     In or about February 2004, Patco received the eBanking Letter and eBanking Agreement.

28.     The eBanking Letter contained the following provisions:

    a.     "Please familiarize yourself with the *eBanking for Business Agreement*." eBanking Letter, at 1.

    b.     "Once you log into eBanking, you accept the terms and conditions of the agreement." *Id.*

29.     The eBanking Agreement contained the following terms and conditions:

    a.     "When you use *Ocean National Bank's eBanking for Business*, or permit another party to use *Ocean National Bank's eBanking for Business*, each party agrees to the terms and conditions stated in the Agreement and any modification thereof." eBanking Agreement § II.

    b.     "**The Bank may make changes to this Agreement at any time**." *Id.* § XV.A (emphasis added).

    c.     "**Changes to this Agreement will be effective immediately after we make them**, except those changes which we are required by applicable law to notify you about in advance." *Id.* § XV.B (emphasis added).

    d.     "You agree to indemnify, hold harmless and defend the Bank from and against any and all claims, actions, suits, judgements [sic] and expenses (including court costs and reasonable attorney, accountant and expert witness fees) at your expense, **arising from your failure to abide by**

> these restrictions on the use of *Ocean National Bank's eBanking for Business*." *Id.* § IV.B (emphasis added).

30.     Patco logged into Ocean Bank's eBanking for Business and electronically accepted the terms and conditions of the eBanking Agreement on June 2, 2004.

31.     Under the provisions of the eBanking Letter, by logging into eBanking, Patco accepted the terms of the eBanking Agreement, including the above referenced Sections II, XV.A, XV.B and IV.B.

32.     Additionally, under Section II of the eBanking Agreement, by using eBanking, Patco accepted the terms of the eBanking Agreement, including the above referenced Sections II, XV.A, XV.B and IV.B.

### *The Modified eBanking Agreement*

33.     Thereafter, Ocean Bank made modifications to the terms of the eBanking Agreement.

34.     Under the terms of the eBanking Agreement, any modifications were effective as soon as they were made.  *See* eBanking Agreement § II.

35.     A true and accurate copy of the Modified eBanking Agreement is attached as Exhibit D.

36.     The Modified eBanking Agreement was made available to Patco on Ocean Bank's website at www.eocean.com.

37.     The Modified eBanking Agreement contained the following terms and conditions:

    a.     "If you use Ocean Bank eBanking, or permit another to use Ocean Bank eBanking, each party agrees to the terms and conditions stated in the Agreement."  Modified eBanking Agreement § II.

b.  "If you choose to receive ACH debit transactions on your commercial accounts, **you assume all liability and responsibility to monitor those commercial accounts on a daily basis.**" *Id.* § XIII.B (emphasis added).

c.  "You agree to indemnify, hold harmless and defend Ocean Bank from and against any and all claims, actions, suits, judgments and expenses (including court costs and reasonable attorney, accountant and expert witness fees) at your expense, **arising from your failure to abide by these restrictions on the use of Ocean Bank eBanking**." *Id.* § IV.A (emphasis added).

38.  The Modified eBanking Agreement was in effect in May 2009.

## *The Withdrawals*

39.  On May 7, 11, 12, 13 and 14, 2009, withdrawals totaling approximately $588,851 were made from Patco's Account.

40.  These withdrawals were made through the use of a Patco employee's user ID and password.

41.  The first of these withdrawals was partially cancelled because two of the account numbers were invalid.

42.  Ocean Bank sent a notice of these cancellations to Patco on May 11, 2009.

43.  Patco failed to monitor its Account on a daily basis.

44.  The withdrawals were purportedly not known to Patco.

45.  Only upon receipt of the notification letter from Ocean Bank did Patco then review its Account and learn of the withdrawals, days after they were made.

46.  As a result of Patco's failure to monitor its Account on a daily basis, on May 14,

2009, a full week after the first withdrawal from the Account, Patco for the first time informed Ocean Bank that it believed the transfers were fraudulent.

47.     Ocean Bank was able to block or recover approximately $243,406.83 of the withdrawn funds from the Account.

48.     On September 18, 2009, Patco commenced a civil action against Ocean Bank in the State of Maine, Superior Court of York County, entitled *Patco Construction Company, Inc. v. People's United Bank d/b/a Ocean Bank*, Civil Action No. ALFSC-CV-2009-275 to, among other things, attempt to recover the remaining monies (the "Action").

### COUNT I
### (BREACH OF CONTRACT – eBanking Agreement)

49.     Ocean Bank realleges and incorporates herein the allegations contained in Paragraphs 1 through 48.

50.     Patco entered into the eBanking Agreement with Ocean Bank for sufficient consideration.

51.     Patco agreed that its use of eBanking constituted acceptance of its terms and conditions; including that Ocean Bank could modify the terms of the eBanking Agreement at any time with the modifications to be effective immediately.

52.     Therefter, Ocean Bank modified the eBanking Agreement as set forth in Exhibit D.

53.     The Modified eBanking Agreement is a valid and binding contract between Ocean Bank and Patco.

54.     Under the Modified eBanking Agreement, Patco agreed to assume all liability and responsibility to monitor its Account on a daily basis.

55.     Under the Modified eBanking Agreement, Patco agreed to indemnify and hold

harmless Ocean Bank from and against any and all claims, actions, suits, judgments and expenses, including court costs and reasonable attorneys' fees, arising from Patco's failure to monitor its Account on a daily basis.

56.     Ocean Bank performed its obligations under the Modified eBanking Agreement.

57.     Patco has materially breached the Modified eBanking Agreement by failing to monitor its Account on a daily basis.

58.     There is no justification or excuse for Patco's actions or its breach of the Modified eBanking Agreement.

59.     As a result of Patco's failure to monitor its Account on a daily basis, approximately $588,851 was withdrawn from Patco's Account.

60.     As a result of $588,851 being withdrawn from Patco's Account, Patco has commenced this litigation against Ocean Bank.

61.     As a result of the failure to monitor and the Action commenced by Patco, Ocean Bank has incurred significant cost and expense.

62.     Ocean Bank has sustained damages for, among other things, attorneys' fees and costs, that are in excess of $75,000, in connection with its defense of this Action.

63.     This Action arises out of Patco's failure to abide by its obligation under the Modified eBanking Agreement to monitor its Account on a daily basis.

64.     Patco's initiation of this Action evidences that any demand by Ocean Bank for its own costs and expenses associated with litigating this Action would be futile.

65.     WHEREFORE, Ocean Bank seeks an award of its damages, including an award of its attorneys' fees and costs, based on Patco's breach of contract in an amount to be proven at trial.

## COUNT II
### (BREACH OF CONTRACT – ACH Agreement)

66.     Ocean Bank realleges and incorporates herein the allegations contained in Paragraphs 1 through 65.

67.     Patco entered into the ACH Agreement with Ocean Bank for sufficient consideration.

68.     Patco agreed that Ocean Bank shall not be responsible for the acts or omissions, including the due authorization of any withdrawals, of Patco or any other person.

69.     Patco further agreed to indemnify, save and hold Ocean Bank harmless from and against any loss, liability damage or expense, including attorneys' fees and expenses, resulting from or arising out of any claim of any person that Ocean Bank is responsible for any act or omission of Patco or any other person.

70.     Under the ACH Agreement, Patco's failure adequately to monitor its Account for due authorization of any withdrawals constituted an omission.

71.     Patco further breached its contractual obligations as articulated in Sections 11 and 12 of the ACH Agreement.

72.     The ACH Agreement is a valid and binding contract between Ocean Bank and Patco.

73.     Ocean Bank performed its obligations under the ACH Agreement.

74.     Patco has materially breached the ACH Agreement by attempting to hold Ocean Bank responsible for Patco's failure adequately to monitor its Account (i.e. its omission).

75.     There is no justification or excuse for Patco's actions or its breach of the ACH Agreement.

76.     As a result of Patco's failure adequately to monitor its Account, approximately

$588,851 was withdrawn from Patco's Account.

77.     As a result of $588,851 being withdrawn from Patco's Account, Patco has commenced this Action against Ocean Bank.

78.     As a result of Patco's omission and the Action commenced by Patco, Ocean Bank has incurred significant cost and expense.

79.     Ocean Bank has sustained damages for, among other things, attorneys' fees and costs, that are in excess of $75,000, in connection with its defense of this Action.

80.     This Action arises out of Patco's failure to abide by its obligations under the ACH Agreement.

81.     Patco's initiation of this Action evidences that any demand by Ocean Bank for its own costs and expenses associated with litigating this Action would be futile.

82.     WHEREFORE, Ocean Bank seeks an award of its damages, including an award of its attorneys' fees and costs, based on Patco's breach of contract in an amount to be proven at trial.

## PRAYERS FOR RELIEF

WHEREFORE, counterclaim plaintiff Ocean Bank respectfully requests that this Court order the following relief:

(1)     Damages to compensate Ocean Bank for Patco's actions in an amount to be proven at trial;

(2)     An award of Ocean Bank's attorneys' fees and costs under the applicable contracts; and

(3)     Such other relief as this Court orders.

Respectfully submitted,

PEOPLE'S UNITED BANK

By its attorneys,


John F. Lambert, Jr.
Lambert Coffin Haenn
P.O. Box 15215
477 Congress Street
Portland, Me 04112
(207) 874-4000
jlambert@lambertcoffin.com

*and*

/s/      Brenda R. Sharton
Brenda R. Sharton (*pro hac vice*)
Francis G. Kelleher (Maine Bar No. 008516)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109-2881
(617) 570-1000
bsharton@goodwinprocter.com
fkelleher@goodwinprocter.com

Dated: February 1, 2010

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 1, 2010.


/s/      Brenda R. Sharton
Brenda R. Sharton