UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PATCO CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil No. 09-503-P-H |
| PEOPLE'S UNITED BANK, d/b/a OCEAN BANK, | ) ) ) ) | |
| Defendant | ) | |

REPORT OF HEARING AND ORDER
RE: DISCOVERY DISPUTE

Held in Portland by telephone on July 29, 2010, at 1:30 p.m.

Presiding:  John H. Rich III, United States Magistrate Judge

Appearances:  For Plaintiff:  Daniel Mitchell, Esq.
Eben Albert-Knopp, Esq.

For Defendant:  Brenda Sharton, Esq.
John Lambert, Esq.
Michelle (Gonnam) McNamara, Esq.

The discovery conference was held in follow-up to a discovery conference held July 15, 2010, during which I directed counsel to meet and confer by July 22, 2010, to resolve their disputes over asserted deficiencies in the defendant's privilege log and to bring any remaining disputes to the court's attention immediately upon exhaustion of the obligation to meet and confer. *See* Docket No. 49. Prior to today's conference, I received (i) a July 22, 2010, letter from Mr. Mitchell advising me that disputes remained and objecting to the defendant's assertedly untimely raising during the conference of alleged deficiencies in the plaintiff's privilege log,

1

(ii) a July 26, 2010, letter from Mr. Lambert confirming that the defendant sought a ruling with respect to three categories of asserted deficiencies in the plaintiff's privilege log, (iii) a July 27, 2010, letter from Mr. Albert-Knopp setting forth six categories of alleged deficiencies in the defendant's privilege log, a copy of which was enclosed therewith, and (iv) a July 29, 2010, letter from Mr. Lambert enclosing a copy of the plaintiff's privilege log and a copy of a revised defendant's privilege log, together with a cover letter from Ms. Sharton dated July 28, 2010, forwarding the defendant's revised log to the plaintiff's counsel.

Mr. Albert-Knopp's letter identified the following six categories of asserted deficiencies: (i) the withholding, as work product, of communications with Secret Service agent Manning Jeter, (ii) the withholding, as work product, of documents dated on or prior to May 7, 2009, (iii) the withholding, as work product, of emails from employees to themselves, (iv) the failure, with respect to certain documents, to provide any information other than the date, (v) the withholding, as attorney-client privileged, of documents sent to numerous non-legal personnel in addition to an attorney, or on which an attorney was merely copied, and (vi) the withholding, as work product, of documents for which no information was provided beyond the date and the sender/recipient.

Mr. Mitchell stated that he had only received a copy of the defendant's revised privilege log (pertaining to 672 documents) at 5:30 p.m. the previous day.  He stated that, on initial review, he was concerned that, with respect to at least two documents, Document Nos. 4 and 8, the defendant had simply changed the date of creation of the document.  Ms. Sharton explained that, on revising the privilege log, the defendant's counsel realized that the dates of the documents had been wrongly transcribed and had corrected them.  Mr. Mitchell complained that, even in the revised privilege log, the defendant had provided insufficient detail to assess its

claims of privilege; for example, with respect to Document No. 3, it provided only the date, sender, recipients, and a basis for withholding the document, "Privileged Communication Reflecting Advice and Direction of Counsel."

Following further discussion, I **_RULED_** that:

1. The plaintiff would be heard only with respect to deficiencies in the revised log.

2. The defendant's provision, in its revised privileged log, of a date, document type, sender, recipient, persons to whom a document was copied, and a basis for withholding the document constituted an adequate description for purposes of the privilege-log requirements set forth in my report and order dated June 8, 2010 (Docket No. 43) and Federal Rule of Civil Procedure 26(b)(5)(A), bearing in mind that too detailed a description of the subject matter of a document poses a risk of waiver of a claimed privilege.  To the extent that the descriptions continue to raise a question in the plaintiff's counsel's mind concerning the applicability of the claimed privilege, counsel should initially follow up for clarification with opposing counsel.

At my suggestion, and following further conversation, Mr. Mitchell agreed to meet and confer with opposing counsel to attempt to resolve remaining issues with the exception of the first of its six described categories of issues, concerning the withholding or redaction, as work product, of documents reflecting communications with agent Jeter.  Ms. Sharton argued that such communications appropriately had been either withheld or redacted because, although Jeter was not acting on behalf of the defendant, the defendant's employees had shared attorney work product with him, in many cases labeling their communications with him as "in anticipation of litigation."  She argued that the defendant had not waived any work product by sharing it with Jeter because the defendant and Jeter were not adverse and were working toward a common interest.  With respect to these issues, and following further discussion, I **_ORDERED_** that:

1. The defendant provide to me for *in camera* review, by noon on Friday, August 6, 2010, unredacted copies of communications with Jeter that it has withheld from the plaintiff or redacted on the basis of assertion of the work-product privilege, namely, Document Nos. 1, 20, 22, 58-59, 138, 144-45, 168, 251-52, 277, 385, 391, 399, 419, 428, 539-40, and 542-43. I advised counsel that I shall rule on the question of whether the defendant properly withheld and/or redacted any or all of these documents on the basis of my *in camera* review.

2. The parties meet and confer to resolve all remaining issues concerning the defendant's revised privilege log, and Mr. Mitchell report to the court in writing by noon on Wednesday, August 4, 2010, whether any issues remain unresolved. I advised counsel that, if any issues do remain, I may convene a discovery conference that Thursday or Friday, August 5 or 6, 2010, to resolve them.

With respect to the defendant's challenge to the plaintiff's privilege log, both Mr. Lambert and Ms. Sharton recollected that Ms. Sharton had indicated during the July 15, 2010, teleconference with counsel that the defendant had issues with the plaintiff's privilege log. Mr. Mitchell stated that the plaintiff had at no time been placed on notice of such issues prior to July 22, 2010, when the parties met and conferred. I ***SUSTAINED*** the plaintiff's objection on the basis of untimeliness, noting that discovery had closed on July 13, 2010, and that, while a stray remark may well have been made during the July 15, 2010 teleconference, I did not recall, and my notes and report of conference of counsel and order did not reflect, the defendant's raising of a privilege log issue.

***SO ORDERED***.

## CERTIFICATE

A. This report fairly reflects the actions taken at the hearing and shall be filed forthwith.

B. Any objections to the report shall be filed in accordance with Fed. R. Civ. P. 72.

Dated this 29th day of July, 2010.

/s/ John H. Rich III<br>
John H. Rich III<br>
United States Magistrate Judge